IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN F. SPOLLEN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHASE HOME FINANCE, LLC., et al,<br><br>Defendants. | CV 11-138-TUC-DCB [CRP]<br><br>REPORT AND RECOMMENDATION |

Four motions are pending before the Court. Defendants, Chase Home Finance LLC and Mortgage Electronic Registration Systems Inc., filed a Motion to Dismiss Case or in the Alternative, Motion for More Definite Statement. (Doc. 6). Defendants, Tiffany & Bosco PA, filed a Motion to Dismiss Case Under Federal Rules of Civil Procedure 12(b)(6). (Doc. 7). Plaintiffs filed a Motion to Remand to State Court and a Motion for Leave to File Amended Complaint. (Docs. 17, 24).

**I.    FACTUAL AND PROCEDURAL HISTORY**

This case derives from the attempted foreclosure sale of Plaintiffs' property at 1519 W. Fairway Wood Court, Tucson, Arizona 85737 ("Property"). (Doc. 1-3, at 68). On April 27, 2007, Plaintiffs signed the Promissory Note ("Note") for the Property in exchange for a loan in the amount of $260,000.00 from the original Lender, Barkley Mortgage, L.L.C. (Doc. 8). Defendant, Mortgage Electronic Registration Systems, Inc., ("MERS") was the original beneficiary under the Deed of Trust ("DOT"), which Plaintiffs signed on April 27, 2007. The DOT was recorded on April 30, 2007. (Doc. 9).

Plaintiffs paid their scheduled monthly mortgage payments until October 2008 when, due to medical complications and employment set-backs, Plaintiffs claim they were unable to continue making payments. (Doc. 25, at 34). After an alleged failed attempt to sell the Property in 2009, Plaintiffs declared bankruptcy in April 2010. (Doc. 25, at 35).

In the Fall of 2010, Defendants initiated the loan collection process. MERS assigned the DOT to Defendant, Chase Home Finance L.L.C. ("CHF"), on October 19, 2010. (Doc. 20, at 20). On October 25, 2010, Defendant Tiffany & Bosco, P.A. ("T&B") sent Plaintiffs a letter providing them with information regarding loan modification and home retention programs. (Doc. 20, at 41-42). On October 26, 2010, CHF accelerated the Note declaring the entire unpaid principal balance due on Plaintiff's loan. (Doc. 20, at 39). Mark S. Bosco, acting as agent for CHF, subsequently prepared, executed, and recorded a Substitution of Trustee on October 27, 2010, naming Michael A. Bosco Jr. as Successor Trustee under the DOT. (Doc. 11). On that same day Michael A. Bosco Jr., acting as trustee, prepared, executed, and recorded the Notice of Trustee's Sale. (Doc. 10). At the end of October, T&B informed Plaintiffs in writing that CHF retained T&B to enforce the terms of the loan by non-judicial foreclosure. (Doc. 20, at 44).

In December 2010, Plaintiffs allege they started the process of applying to CHF for a loan modification and that on January 6, 2011, CHF informed Plaintiffs they had been approved for a trial modification. (Doc. 25, at 41). Plaintiffs' trial modification consisted of three consecutive monthly payments of $1,787.75, which Plaintiffs claim they could not afford to pay. (Doc. 25, at 41-42). Plaintiffs allege that through February 2011, they repeatedly requested CHF to approve a lower payment but to no avail. (Doc. 25, at 42-43). During oral arguments on July 6, 2011, counsel for CHF informed the Court that she assisted Plaintiffs in filing a second loan modification application. According to counsel, Plaintiffs' application should be processed and resolved within a few weeks.

With the foreclosure in process, Plaintiffs filed a complaint in the Superior Court of Pima County on February 11, 2011. (Doc. 1-3, at 66). Plaintiffs alleged numerous claims against one or more of the Defendants in regard to their mortgage loan under the following

theories: usury, security violation, common-law fraud, Truth in Lending Act ("TILA") violations, Real Estate Settlement Procedures Act ("RESPA") violations, RICO/Conspiracy, and a claim for "Statements." (Doc. 1-3, at 72-87). Pursuant to 28 U.S.C. § 1441, CHF and MERS removed the case to this Court on March 7, 2011. Defendants noted several of the aforementioned claims raised federal law questions and complete diversity between the parties existed permitting this Court's diversity jurisdiction. (Doc. 1, at 2).

Once in federal court, CHF and MERS responded to Plaintiffs' Complaint by collectively filing a Motion to Dismiss, or in the Alternative, Motion for More Definite Statement on March 14, 2011. (Doc. 6). In this motion, CHF and MERS allege Plaintiffs' Complaint violates Rules 8(a)(2), 8(d), 12(f), 10(b), and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 6, at 6). Additionally, CHF and MERS reject each particular claim alleged by Plaintiffs for various reasons including lack of evidence, conclusory allegations, and statutory limitations for the filing of specific claims. (Doc. 6, at 6-12).

T&B also filed a Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(6) on March 14, 2011. (Doc. 7). Claiming the causes of action against T&B are derived solely from Michael A. Bosco Jr.'s role as Successor Trustee, T&B argues A.R.S. §33-807(E), a statute protecting trustees from liability, necessarily bars Plaintiffs' Complaint against T&B. (Doc. 7, at 7-9). Further, T&B contends Plaintiffs failed to satisfy the pleading requirements under Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. 7, at 7-13).

At oral argument, Defendants acknowledged that Plaintiffs' subsequently filed Amended Complaint likely mooted their Motions to Dismiss.

Prior to responding to Defendants' dismissal motions, Plaintiffs filed a Motion to Remand on April 6, 2011. (Doc. 17). Plaintiffs supported this motion with three theories: (1) a forthcoming Amended Complaint would eliminate all federal law claims; thus this Court would lack jurisdiction under 28 U.S.C. §1331; (2) the requirements for diversity jurisdiction under 28 U.S.C. §1332(a) would not be satisfied in the Amended Complaint as Plaintiffs intended to add two non-diverse defendants and; (3) even if diversity jurisdiction persisted, this Court should remand the case to state court because "novel state law issues"

should be determined by the state court. (Doc. 17, at 2-6).

CHF and MERS filed a Response in Opposition to Motion to Remand on April 26, 2011 in which T&B joined on April 27, 2011. (Docs. 18, 19). Collectively, Defendants contend Plaintiffs' Motion to Remand is premature and that each of Plaintiffs' arguments for remand is "fatally flawed." (Doc. 18, at 2). Because Plaintiffs were seeking remand based on a "theoretical" amended complaint, Defendants argue that no legitimate basis exists for this Court to decline to exercise jurisdiction and remand would be improper. (Doc. 18, at 1-3). Defendants also contest Plaintiffs' argument contending novel or complex issues of state law support a remand motion. (Doc. 18, at 5). In their Reply in Support of Motion to Remand, Plaintiffs reasserted their arguments made in the motion to remand. (Doc. 26, at 1-5). Plaintiffs filed this reply on May 6, 2011 – the same day they filed the Amended Complaint.

On April 29, 2011, Plaintiffs responded to T&B's Motion to Dismiss and CHF and MERS collective Motion to Dismiss. (Docs. 6,7). In these responses, Plaintiffs again discuss claims they intend to allege in a future amended complaint. In both responses, Plaintiffs agree to dismissal of their usury, securities laws, fraud, TILA, RESPA, RICO/Conspiracy and "Statements" claims; in essence, they agree to dismiss all their federal claims. (Docs. 20, 21).

On May 6, 2011, Plaintiffs filed a Motion for Leave to File Amended Complaint and lodged their proposed Amended Complaint (Docs. 24, 25). In the Motion for Leave, Plaintiffs withdraw their original Complaint. In the lodged proposed Amended Complaint Plaintiffs assert all new claims. (Doc. 24, at 1-3). Included in the new claims are claims against T&B that Plaintiffs allege are not barred by A.R.S. §33-807(E). (Doc. 20, at 3-4). The new claims are based on the same set of facts presented in the original Complaint. In addition to the new claims, Plaintiffs request to add Michael A. Bosco Jr., Mark S. Bosco, and Fannie Mae as defendants. (Doc. 24, at 2-3).

In total, Plaintiffs assert nine causes of action against one or more of the Defendants. (Doc. 24, at 2-3). None of these claims arise under federal law. Plaintiffs also assert the lack

of complete diversity of citizenship among the parties as T&B is an Arizona firm and Michael A. Bosco Jr. and Mark S. Bosco are both Arizona residents. (Doc. 17, at 3). Plaintiffs also maintain that this Court, if deciding the requirements for diversity jurisdiction are satisfied, should abstain from exercising jurisdiction based on "judicial economy, fairness, comity, the existence of novel issues under Arizona law, and the necessity for the Court to interpret Arizona state statutes." (Doc. 17, at 3-4).

T&B responded to Plaintiffs' Motion to File an Amended Complaint on May 13, 2011. (Doc. 27). T&B argues that Plaintiffs failed to comply with Local Rule 15.1, which requires parties to submit a "redlined" version of the proposed amended pleading. (Doc. 27, at 2). In their Motion to File Amended Complaint, Plaintiffs note they deliberately chose not to provide a redlined version of the Original Complaint believing it would be "more confusing than helpful" given the significant changes between the original Complaint and the proposed Amended Complaint. (Doc. 24, at 1 n. 1).

T&B also alleges that Plaintiffs' proposed Amended Complaint, like the Complaint itself, is subject to dismissal under Rule 8 because Plaintiffs failed to cure the pleading defects present in the Complaint. (Doc. 27, at 3). Finally, T&B argues Plaintiffs failed to follow this Court's Order to specifically address T&B's argument that it cannot be sued pursuant to A.R.S. § 33-807(E). (Doc. 27, at 3).

In their Reply to T&B's Response, Plaintiffs argue (1) the proposed Amended Complaint complies with Rules 8 and 10(b) of the Federal Rules of Civil Procedure with regard to the length, clarity, and presence of factual allegations; (2) Plaintiffs' Response to T&B's Motion to Dismiss (Doc. 20, at 3-4) does address T&B's A.R.S. §33-807(E) argument and; (3) the requirement under Local Rule 15.1 to provide a redlined version of the Complaint to portray changes is futile considering the Amended Complaint is essentially a new document, composed in a different format, with entirely different claims than those alleged in the Complaint. (Doc. 28, at 2-5).

CHF and MERS did not provide any response to Plaintiffs' motion to file an amended complaint.

## II. ANALYSIS

### A. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides leave to amend "shall be freely given when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). In assessing the propriety of a motion for leave to amend, courts consider (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). If the court determines that the complaint, as amended, is subject to dismissal, then "leave to amend need not be given". *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

A complaint must provide enough facts that a reviewing court can surmise a plausible link between the facts and the stated claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While not analogous to a "probability requirement," the "plausibility standard" demands more than a mere possibility of a defendant's alleged wrongdoing. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint must also consist of "a short and plain statement of the claim showing that the pleader is entitled to relief," with each allegation being "simple, concise, and direct." Fed. R. Civ. P. 8.

The Court recommends granting Plaintiffs' Motion to File Amended Complaint. No evidence exists that Plaintiffs have acted in bad faith in seeking amendment of their original complaint. Indeed, Plaintiffs filed a motion to amend because of several deficiencies in the original Complaint highlighted by Defendants. (Doc. 28, at 2-4). There is equally no evidence to suggest that Plaintiffs unduly delayed in filing for a motion to amend. Plaintiffs filed the Complaint on February 11, 2011. (Doc. 1-3). After removal to this Court from the state court, all Defendants filed dismissal motions on March 14, 2011. (Docs. 6, 7). Plaintiffs filed timely responses to these motions on April 29, 2011, and expressed their intention to file a motion to amend their complaint in the upcoming week. (Doc. 20, at 2; Doc. 21, at 2). Plaintiffs then filed their motion to amend on May 6, 2011. (Doc. 24). Plaintiffs did not unduly delay in filing their proposed Amended Complaint. Further,

Defendants will not suffer significant prejudice if Plaintiffs are allowed to amend their complaint nor have Plaintiffs previously amended their complaint.

T&B contends amendment is futile. (Doc. 27, at 3). The Court disagrees. Plaintiffs allege several specific acts of wrongdoing by all Defendants and support each alleged act with facts specific enough to plausibly state a claim for relief against Defendants. (Doc. 25).

This Court's recommendation to grant the Motion to Amend is not altered by T&B's contention that A.R.S. § 33-807(E) prevents suit against T&B nor that Plaintiffs' failure to follow Local Civil Rule 15.1 should result in denial of the Motion. The Arizona statute bars claims against trustees if (1) the trustee is named as a defendant in the claim; (2) the claim relates to the trustee's authority to act under the DOT Statutes or deed of trust; and (3) the claim does not allege that the trustee breached his obligations under the DOT Statutes or the deed of trust. A.R.S. § 33-807(E); (Doc. 7, at 8). In the lodged proposed Amended Complaint, Plaintiffs allege T&B breached its obligations under the DOT Statutes and deed of trust by aiding and abetting other Defendants in violation of A.R.S. § 33-420. (Doc. 25, at 29-32). In the briefing thus far Defendants have not shown that Plaintiffs' claim, as alleged, is barred by the Arizona statute.

Plaintiffs conscious choice not to provide a redlined version of their amended pleadings as required by Local Rule 15.1 was reasonable. (Doc. 24, at 1 n. 1). As noted in their Motion for Leave to Amend, Plaintiffs selected not to provide the redlined version because the lodged proposed Amended Complaint contained significant changes. (Doc. 24). While not strictly following Local Rule 15.1, Plaintiffs acted reasonably and explained to the Court and Defendants the reason for their choice.

Accordingly, the Court recommends that Plaintiffs' Motion for Leave to File Amended Complaint be granted.

**B.     Remand**

The Court will address several issues related to whether remand is appropriate in this case. A defendant can remove an action to federal court based on diversity jurisdiction or federal question jurisdiction. 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d

1039, 1042 (9th Cir. 2009). If the action is removed because of diversity jurisdiction, there must be complete diversity of citizenship. 28 U.S.C. §§ 1332(a), 1441(b). *Hunter*, 582 F.3d at 1043. "[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting *Newcomb v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)). Thus, if diversity is the sole basis for the federal court's jurisdiction, joinder of non-diverse parties, including parties not considered to be indispensable, divests the court of that jurisdiction. *Id.*

If an action is removed because it involves a federal question, the removal is proper if a federal question appears on the face of a well-pleaded complaint. *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999). If federal question jurisdiction existed at the time of removal but is later lost, the federal court is not compelled to remand the case. *Albingia Versicherungs A.G. v. Schenker International Inc.*, 344 F.3d 931, 936 (9th Cir. 2003). The federal court retains the discretion to adjudicate the remaining state claims. *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 715 (9th Cir. 1990).

While federal courts retain discretion to exercise supplemental jurisdiction over state law claims removed from state court, federal courts should avoid exercising that power in some situations. *Id.* It may be an abuse of discretion for federal courts to retain such cases where all federal claims are eliminated before trial. *Carnegie-Mellon U. v. Cohill*, 484 U.S. 343, 350 (1988). Typically, the values of "judicial economy, convenience, fairness, and comity will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* n. 7. This is not, however, a mandatory rule to be applied inflexibly in all cases. *Id.*

When a federal court decides, after balancing all the factors involved, that the most appropriate course of action is to decline to exercise supplemental jurisdiction over state law claims, the court can either dismiss the action or remand it to state court. *Id.* at 351. A remand is "preferable" to dismissal because it avoids statute of limitation problems and costs

involved with filing new pleadings in state court. *Id.* at 351-352. Prior to dismissing an action or granting remand, the court can consider whether the plaintiff has engaged in "manipulative tactics" in an attempt to return to state court. *Id.* at 357. Filing federal claims in state court is generally viewed as a "legitimate tactical decision" by the plaintiff. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). As such, plaintiffs are entitled to dismiss the federal claims after removal if they decide "a state court forum is more important to them than their federal claims." *Id.* at 490.

**1. Motion to Remand is Premature**

In their Motion to Remand, Plaintiffs requested remand due to (1) lack of federal question jurisdiction; (2) lack of diversity jurisdiction; and (3) the existence of novel issues of state law. (Doc. 17, at 1-6). The Court recommends that Plaintiffs' Motion to Remand be denied without prejudice as premature.

Plaintiffs filed the Motion to Remand on April 6, 2011. (Doc. 17). This was a full month before they filed the Motion for Leave to File Amended Complaint. (Doc. 24). While Plaintiffs were "considering eliminating any claims that raise questions under federal law," they had not, in fact, filed any motion to amend their Complaint and dismiss their federal claims. (Doc. 17, at 2). Thus, Plaintiffs' federal claims were still live at the time they filed their Motion to Remand. Because their federal claims persisted, so did the Court's federal question jurisdiction under 28 U.S.C. §1331.

Further, diversity jurisdiction endured because Plaintiffs had not yet added defendants who allegedly destroy diversity. Plaintiffs' Amended Complaint, which adds Michael A. Bosco Jr. and Mark S. Bosco as defendants, and adds new claims against T&B, was filed a month after the motion to remand. Thus, Plaintiffs' Motion to Remand was premature.

While the Motion to Remand was premature, the Magistrate Judge notes if the District Court grants Plaintiffs' Motion to Amend, removal may be appropriate based on the Amended Complaint. Defendants argue, in fact, that remand is still not appropriate even if the Motion to Amend is granted. At oral argument, defense counsel raised several concerns about Plaintiffs' attempts to destroy complete diversity. Defendants contend the claims

against T&B in the Amended Complaint may likely be dismissed in a future motion to dismiss if the Amended Complaint is granted. Defendants further argue the two individual Boscos named in the Amended Complaint are likely nominal defendants and thus their citizenship is irrelevant to diversity analysis. Defendants at oral argument requested this case not be remanded so they may have the opportunity to brief these diversity jurisdiction issues.

The Magistrate Judge recommends the District Court deny as premature Plaintiffs' Motion to Remand. The Magistrate Judge further recommends this case not be remanded *sua sponte*, but rather the parties be given time to file, as appropriate, a motion to remand and any motions to dismiss based on the Amended Complaint.

**2. Abstention is Not Warranted**

In addition to arguing against diversity or federal question jurisdiction, Plaintiffs contend that this Court should refrain from exercising jurisdiction due to novel issues of state law. (Doc. 17, at 4-6). While the Magistrate Judge recommends denying the Motion to Remand as premature, the Court will address Plaintiffs' abstention argument as an alternate ruling. Plaintiffs contend that a state court is better able to "establish a coherent policy" by interpreting Arizona's statutory scheme involving foreclosure regulation. (Doc. 17, at 7).

Plaintiffs rely on the doctrine of *Burford* abstention, which protects state administrative processes from undue federal interference into matters of local concern and matters within the special competence of local courts. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 362 (1989). Abstention is not required "whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." *Id.* District courts have "an obligation and a duty to decide cases properly before them," and *Burford* represents an "extraordinary and narrow exception to the duty of the [d]istrict [c]ourt to adjudicate a controversy." *City of Tucson v. U.S. West Commun., Inc.*, 284 F.3d 1128, 1132-1133 (9th Cir. 2002) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996)). As such, district courts "cannot abstain merely because there are complex and difficult issues of state law involved in the controversy before it." *Id.* at 1133.

Limiting the application of *Burford* abstention, the Ninth Circuit requires (1) that the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy. *Tucker v. First Maryland Savings & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991).

The requirements for abstention have not been met in this case. Plaintiffs have not shown or referred to any pending state judicial proceedings concerning the issues involved in Plaintiffs' claims. Nor have Plaintiffs shown or referred to any state court judgment entered on the issues before the Court. Plaintiffs' claims do not implicate the Arizona system of administrative regulation or sovereignty and Plaintiffs have failed to demonstrate that this Court would be incapable of applying Arizona law to the issues. Assuming Plaintiffs' supposition that the issues involved in their suit constitute complex issues of state law, abstention would still be improper because the "mere difficulty of state law does not justify a federal court's relinquishment of jurisdiction in favor of state court action." *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 27 (1959).

The Magistrate Judge recommends Plaintiffs' Motion to Remand based on abstention be denied.

**C.     Motions to Dismiss**

The Court recommends that CHF and MERS's collective Motion to Dismiss and T&B's Motion to Dismiss be denied as moot. (Docs. 6, 7). These motions address Plaintiffs' original Complaint. Plaintiffs voluntarily agreed to withdraw their original Complaint and dismiss all the claims within it. (Doc. 24, at 2). During oral argument, Defendants CHF and T&B conceded their Motions to Dismiss are moot if Plaintiffs' Motion to Amend is granted. Because the Court recommends granting Plaintiffs leave to amend, Defendants' Motions to Dismiss should be denied as moot.

**III.    RECOMMENDATION**

The Magistrate Judge recommends the District Court, after its independent review:

1. Grant Plaintiffs' Motion to Amend and order the Clerk of the Court to file Plaintiffs' lodged proposed Amended Complaint. (Docs. 24, 25).

2. Deny Plaintiffs' Motion to Remand as premature or in the alternative, deny Plaintiffs' Motion to Remand based on abstention. The Magistrate Judge further recommends the case not be remanded *sua sponte* to state court as Defendants request an opportunity to file motions to dismiss addressing diversity jurisdiction issues. (Doc. 17).

3. Deny Defendants' Motions to Dismiss as moot. (Docs. 6, 7).

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-11-138-DCB**.

DATED this 15th day of July, 2011.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE