# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| John F. Spollen, et al., ) | |
|         Plaintiffs, ) | CV 11-138-TUC-JGZ |
| v. ) | |
| ) | |
| Chase Home Finance, LLC, et al., ) | |
| ) | **ORDER** |
|         Defendant. ) | |
| _____) | |

    Before the Court for consideration are four motions and the Report and Recommendation of the United States Magistrate Judge.

    This action, originally filed by Plaintiffs John and Lynne Spollen in the Arizona Superior Court in and for the County of Pima and removed to this Court pursuant to 28 U.S.C. § 1332, was referred to Magistrate Judge Charles R. Pyle for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2 of the Rules of Practice of the United States District Court for the District of Arizona, Local Rules of Civil Procedure.

    Defendants Chase Home Finance LLC (CHF) and Mortgage Electronic Registration Systems, Inc. (MERS) filed a Motion to Dismiss or, in the alternative, Motion for More Definite Statement.  (Doc. 6.)  Defendant Tiffany & Bosco, P.A. (T&B) also filed a Motion to Dismiss. (Doc. 7.)  Plaintiffs filed a Motion to Remand to State Court and a Motion for Leave to File an Amended Complaint.  (Docs. 17, 24.)

    Following review of the pending motions, responses and replies, and hearing oral argument on the foregoing, Magistrate Judge Pyle issued his Report and Recommendation on July 18, 2011, recommending that the District Court, after its independent review of the record, enter

an order granting Plaintiffs' Motion to Amend, denying Plaintiffs' Motion to Remand and denying Defendants' Motions to Dismiss as moot. The Report and Recommendation advised "the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. See 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure." Defendant Tiffany & Bosco filed an Objection to the Report and Recommendations of the Magistrate Judge.[1] Plaintiffs did not file a response to Defendant's Objections.

The Court finds, after de novo review of the matters presented, that the findings of the Magistrate Judge shall be accepted and adopted as the findings of fact and conclusions of law of the Court.

**STANDARD OF REVIEW**

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R); *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

---

[1] Plaintiffs also filed an "objection" to the Report and Recommendation, but it does not take issue with any of the Magistrate Judge's findings. (Doc. 34.) Instead, Plaintiffs seek to clarify that they have filed a redlined copy of their proposed amended complaint with the Court.

**RECOMMENDATIONS AND OBJECTIONS**

This case derives from the attempted foreclosure sale of Plaintiffs' property; Defendants are all parties that allegedly participated in the loan collection process. After Plaintiffs' Complaint was removed to federal court, Defendants each moved for dismissal of the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. Defendants CHF and MERS also moved for dismissal pursuant to Rules 8(a)(2), 8(d), 10(b) and 12(f), Fed. R. Civ. P. While the motions to dismiss were pending, Plaintiffs filed a Motion for Remand and a Motion for Leave to Amend the Complaint. The Magistrate Judge recommends that Plaintiffs' Motion for Leave to Amend the Complaint be granted, that the Motion for Remand be dismissed as premature, and that Defendants' Motions to Dismiss be denied as moot.[2]

T&B's Objection to the Report and Recommendation raises two concerns: first, T&B seeks clarification that the Report and Recommendation's statement that the Amended Complaint "allege[s] several specific acts of wrongdoing by all Defendants and support[s] each alleged act with facts specific enough to plausibly state a claim for relief against Defendants" is not intended to be a decision on future motions to dismiss the amended complaint if leave to amend is granted. The Court agrees, and will adopt the Report and Recommendation with that clarification.

T&B also takes issue with the Report and Recommendation's statement that "in the briefing thus far Defendants have not shown that Plaintiffs' claim, as alleged, is barred by the Arizona statute [A.R.S. § 33-807(E)]." T&B contends that the sentence should not be construed as barring Defendants from arguing a statutory bar for Plaintiffs' claims against T&B as alleged in the Amended Complaint. The Court agrees, and will adopt the Report & Recommendation with that clarification.

//

//

---

[2] According to the Magistrate Judge, at oral argument, Defendants acknowledged that Plaintiffs' subsequently filed Amended Complaint likely mooted their Motions to Dismiss. (Doc. 33, pg. 3.)

1

**CONCLUSION**

2

Accordingly,

3

**IT IS ORDERED** that Magistrate Judge Pyle's Report and Recommendation (Doc. 33) is hereby ACCEPTED and ADOPTED as the findings of fact and conclusions of law by this Court, with the clarification that nothing in the Report and Recommendation shall be construed as barring Defendants from filing motions to dismiss the claims alleged in Plaintiffs' Amended Complaint.

**IT IS FURTHER ORDERED** that the Motion for Leave to File the Amended Complaint (Doc. 24) is GRANTED; the Clerk of the Court shall file the proposed Amended Complaint currently lodged at Doc. 25.

**IT IS FURTHER ORDERED** that Defendants Motions to Dismiss (Docs. 6 and 7) are DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand (Doc. 17) is denied without prejudice as premature.

DATED this 5th day of June, 2012.

Jennifer G. Zipps
United States District Judge

- 4 -